UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROSA OLIBARES and ADAM RUSSELL, *on*                        :
*behalf of themselves, FLSA Collective*                     :
*Plaintiffs, and the Class,*                                :
                                                            :   21-CV-10694 (VSB)
                                              Plaintiffs,   :
                                                            :   **OPINION & ORDER**
                       -against-                            :
                                                            :
MK CUISINE GLOBAL LLC, et al.,                              :
                                                            :
                                              Defendants.   :
                                                            :
------------------------------------------------------------X

Appearances:

C.K. Lee
Lee Litigation Group, PLLC
New York, New York
*Counsel for Plaintiffs*

Robert Joshua Ontell
Ontell & Associates PLLC
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Rosa Olibares and Adam Russell ("Plaintiffs") bring this case, on behalf of themselves and others similarly situated, against Defendants MK Cuisine Global LLC; Xyst, LLC; Plant Based Holdings, LLC; Belga Corp., doing business as Xyst; Plant-Based Pizza New York LLC, doing business as Double Zero and 00+CO; A&D Wine Corp., doing business as Plant Food + Wine and Bar Verde; CJFM LLC, doing business as Sestina; Hungry Angelina Dumbo LLC, doing business as Hungry Angelina; MKCPBAY LLC, doing business as Sutra; Plant-Based Restaurant East 4th LLC, doing business as Sentio; Matthew Kenney; Raymond

Azzi; and Khalil Saliba (together, "Defendants") to recover unpaid wages and overtime pay under the Fair Labor Standards Act (the "FLSA") §§ 201, *et seq.*, and the New York Labor Law (the "NYLL"), §§ 190, *et seq.*, 195(1), 195(3), §§ 650, *et seq.* (Doc. 1 ("Compl.")[1] ¶¶ 1–2.) Plaintiffs also assert violations of the New York State Human Rights Law (the "NYSHRL"), New York Executive Law § 296, and the New York City Human Rights Law (the "NYCHRL"), Administrative Code of the City of New York § 8-107. (*Id.* ¶¶ 3–4.) The parties informed me that they reached an agreement as to the material terms of a settlement agreement. (*See* Docs. 56, 60-1 (the "Settlement Agreement").)

Currently before me is Plaintiffs' unopposed motion for: (1) preliminary approval of the Settlement Agreement; (2) conditional certification of the proposed class and class counsel for settlement purposes; (3) approval of the proposed notice of the settlement, (4) appointment of the claims administrator, and (5) approval of the proposed schedule for final settlement approval and a fairness hearing. (Doc. 58.) Because the Settlement Agreement and the conditional certification papers contain various defects, the unopposed motion for preliminary approval of the Settlement Agreement is DENIED.

### I. Background and Procedural History

Plaintiffs filed the Complaint on December 14, 2021. (Doc. 1.) Defendants own and collectively operate eight vegan restaurants in New York City. (*Id.* ¶ 9.) They are all operated as a single enterprise under the common control of Defendants Matthew Kenney, Raymond Azzi, and Khalil Saliba. (*Id.* ¶ 10.) Plaintiffs worked in these restaurants in various capacities. (*Id.* ¶ 19.) Plaintiffs allege that Defendants failed to pay all hourly non-supervisory and non-exempt employees the proper minimum wage due to an invalid tip credit, unlawfully retained

---

[1] "Compl." refers to Plaintiffs' Complaint filed on December 14, 2021. (Doc. 1.)

gratuities, improperly deducted meal credits, and failed to meet the NYLL's requirements on wage statements and notices. (*Id*. ¶ 1.) Defendants filed their answer to the Complaint on April 5, 2022. (Doc. 47.) On April 14, 2022, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs dismissed Defendants Yves Jadot, David Jadot, and Christohe Jadot from the action. (Doc. 50.) The remaining parties participated in the Southern District of New York mediation program. (*See* Docs. 52–53, 55–56.) On July 14, 2022, during their mediation session, the parties reached a settlement in principle. (*See* Doc. 56; Doc. 59 at 2.) On July 20, 2022, the parties notified me that they had reached a settlement and that they intended to file a motion for preliminary approval of the class settlement. (Doc. 56.) On August 19, 2022, Plaintiffs filed their unopposed motion for preliminary approval of the class settlement, a memorandum of law in support, the affidavit of C.K. Lee, and a proposed order granting preliminary approval. (Docs. 58–60, 62.)

## II.     Legal Standards

### A.     *Rule 23 Class Action Settlement Approval*

District courts have discretion to approve proposed class action settlements. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12-CV-3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing. *Silver v. 31 Great Jones Rest.*, No. 11-CV-7442, 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013). To grant preliminary approval, a court need only find "probable cause

to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted). Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

### B.  FLSA Collective Settlement Approval

Under the FLSA, employees may pursue collective actions to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in a writing filed with the court. 29 U.S.C. § 216(b). A district court may "implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotation marks omitted). Participation in a FLSA collective action pursuant to § 216 requires an employee to "'opt-in,' meaning the employee must consent in writing to join the suit and that consent must be filed with the court." *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 367 (S.D.N.Y. 2007). "FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing." *Douglas v. Allied Universal Sec. Servs.*, 371 F. Supp. 3d 78, 85–86 (E.D.N.Y. 2019) (quoting *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008)).

Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022);

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  To determine whether a settlement is fair and reasonable under the FLSA, I must

> consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the request[]."  *Id.*  The Second Circuit has described a presumptively "reasonable fee" as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A "fee may not be reduced merely because the fee would be 'disproportionate to the financial interest at stake in the litigation.'"  *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients."  *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead

reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

### C.  Interaction Between Rule 23 and FLSA Settlement Approval

Although Rule 23 allows class members to opt out of a class-wide settlement, § 216(b) of the FLSA requires that employees opt into any FLSA collective action.  Specifically, each employee must "give[] his consent in writing to become . . . a party" to the collective action, and the consent must be "filed in the court in which such action is brought."  29 U.S.C. § 216(b).  That means that, unlike in Rule 23 class actions, "in an FLSA collective action, only potential plaintiffs who opt in can be bound by the judgment or benefit from it."  *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103–04 (S.D.N.Y. 2003) (internal quotation marks omitted); 7B Mary Kay Kane, Federal Practice & Procedure ("Wright & Miller") § 1807 (3d ed.) ("Probably the most significant difference in procedure between the FLSA and Rule 23 is that the statute contains a requirement that plaintiffs desiring to be included in the litigation must 'opt in' to the suit by filing a written consent with the court. . . . [O]nly those plaintiffs who have opted in are bound by the results of the litigation." (footnotes omitted)).  As such, "[t]he opt-out requirement of the modern Rule 23(b)(3) directly conflicts with the express opt-in requirement of § 216(b)."  *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 519 (2d Cir. 2020), *cert. dismissed*, 142 S. Ct. 639 (2021).  However, "[b]ecause FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action."  *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011).  When doing so, plaintiffs may "pursue the FLSA claims as a collective action" under 29 U.S.C. § 216(b) and "pursue the NYLL claims as a class action" under Rule 23 in the same suit, *id.*, sometimes called a "hybrid" action, *see, e.g.*, *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A]mong FLSA cases, the most complex

type is the 'hybrid' action brought here, where state wage and hour violations are brought as an 'opt out' class action pursuant to Rule 23 in the same action as the FLSA 'opt in' collective action pursuant to 29 U.S.C. § 216(b)." (citation omitted)).

## III. Discussion

Plaintiffs submit their motion for approval of the Settlement Agreement pursuant to both Rule 23 and § 216(b), making this a "hybrid" action. *See Febus*, 870 F. Supp. 2d at 340. (*See* Docs. 58–60, 62.) However, because the Settlement Agreement does not satisfy the requirements of the FLSA or § 216(b), I do not grant preliminary approval of the Settlement Agreement. There are a number of deficiencies with the Settlement Agreement and certification papers that render them incompatible with the requirements of FLSA and Rule 23.

As a threshold matter, Plaintiffs do not propose separate FLSA and NYLL classes, as is common in these hybrid suits. *See, e.g.*, *Solis v. OrthoNet LLC*, 19-CV-4678 (VSB), 2021 WL 1904984, at *4–5 (S.D.N.Y. May 11, 2021). Nor do Plaintiffs ask me to "facilitat[e] notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers*, 624 F.3d at 554 (internal quotation marks omitted). "[T]he FLSA requires that any person choosing to be part of the collective (1) must consent in writing and (2) file his consent on the docket." *Villar v. AHRC Home Care Servs., Inc.*, No. 18-CV-9174 (OTW), 2020 WL 4904031, at *3 (S.D.N.Y. Aug. 20, 2020) (citing § 216(b)). Plaintiffs' notice does not accurately inform employees of their rights to opt into the litigation, and only informs class members that they may "opt out." (*See* Doc. 60-2 ("Notice").) Indeed, the proposed notice explicitly provides that class members who do not opt out will be bound by the settlement. (*See* Notice at 2 ("If you choose to participate in the settlement, you do not have to do anything at this time. Once the Court approves the settlement, you will automatically receive your allocated

settlement amount."); *id*. at 3 ("If you do nothing, you will automatically participate in the class settlement.").)  The Settlement Agreement and accompanying memorandum do not address the opt-in requirements of FLSA collective actions or the required procedure for approval pursuant to § 216(b) at all.

Next, although I should perform a *Cheeks* review only after collective members have opted in, *Douglas*, 371 F. Supp. 3d at 86 (holding that a settlement agreement is "backwards" if it requires the Court to "conduct final *Cheeks* review before any member of the collective has opted in"), I address the terms of the Settlement Agreement for efficiency to the degree possible given the limited information provided by the parties.  I would not approve a FLSA settlement with the terms included in the Settlement Agreement.[2]  The Settlement Agreement provides that one-third of the settlement amount will be allocated to attorneys' fees, (Settlement Agreement 1), but provides no basis for this request.  Nor does it provide any attorneys' time or billing records to warrant approval.  *See Guareno v. Vincent Perito, Inc.*, No. 14-cv-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 25, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records.").  Even where, as evidenced here, "attorneys' fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" *Arango v. Scotts Co., LLC*, No. 17-CV-7174, 2019 WL 117466, at *5 (S.D.N.Y. Jan. 7, 2019) (quoting *Wolinsky*, 900 F. Supp. 2d at 336).  In addition, the Settlement Agreement contains an overbroad release clause.  It states that, upon receiving and

---

[2] This is further complicated by the fact that Plaintiffs do not propose separate FLSA and NYLL classes, so I cannot analyze the fairness of the settlement for FLSA class members.  That is due to, in part, the lack of information on the number of members of the collective.  *See Fishwick v. RMJM, Inc.*, No. 14-CV-904, 2015 WL 13649463, at *3 (S.D.N.Y. June 12, 2015).  Moreover, the parties have not provided sufficient information for me to conduct a full *Cheeks* review of whether the Settlement Agreement is fair and reasonable.  The required information is detailed in my July 21, 2022 Order, in which I ordered the parties to submit the terms of the settlement, a joint letter explaining why the settlement reflects a fair and reasonable compromise of disputed issues, and evidence providing a factual basis for any award of attorneys' fees.  (Doc. 57.)

depositing a settlement check, class members "agree to opt into the lawsuit . . . and release all [their] federal wage and hour claims." (Settlement Agreement 2.) The are at least two problems with this clause. First, the release clause is overbroad. Courts in this District routinely reject release provisions that do not contain any time or date restrictions, and as such, require plaintiffs to waive virtually any wage or hour claim against the defendants, including those entirely unrelated to the facts in the relevant action and that could arise in the future. *See Radosti v. Hudson's Bay Co.*, No. 18-CV-12266, 2022 WL 2063746, at *3 (S.D.N.Y. June 8, 2022) (rejecting settlement agreement because the release provision " is not limited to the claims asserted in this case and does not contain any time or date restrictions." ); *Martinez v. Gulluoglu LLC*, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (declining to approve settlement agreement because release provision of proposed agreement "extends beyond the claims at issue in this action."). Second, depositing a settlement check does not satisfy the "opt-in" requirement that a class member must provide written consent to become a party of the collective. *Villar*, 2020 WL 4904031, at *3 (holding that "check cashing. . . is insufficient written consent" and cannot "serve[] as an employee's consent to become part of a collective."); *Marichal v. Attending Home Care Servs., LLC*, 432 F. Supp. 3d 271, 279 (E.D.N.Y. 2020) ("[T]he named plaintiff and his counsel in a collective action cannot settle a case on behalf of an opt-in plaintiff; the affirmative assent of each opt-in plaintiff – as a party to the case – is required."). Finally, I note that there is a discrepancy in the service award amounts between the Settlement Agreement, which provides that each named plaintiff shall each receive $5,000, (Settlement Agreement 1), and the Notice, which says that each named will receive $10,000, (Notice 3). The Settlement Agreement and Notice, as well as any proposed order submitted, should align on this and all other matters. *See, e.g.*, *Vecchio v. Quest Diagnostics, Inc.*, No. 16

CIV. 5165 (ER), 2023 WL 2842702, at *6 (S.D.N.Y. Apr. 7, 2023) (declining to approve a settlement agreement where there were inconsistencies between the class notice, settlement agreement, and proposed order).

Accordingly, I will not approve the Settlement Agreement since it does not comply with the FLSA. *See Villar*, 2020 WL 4904031, at *3 ("Courts in this District have declined to approve a preliminary settlement agreement of a FLSA collective and Rule 23 class if the agreement does not comply with the FLSA." (collecting cases)); *Marichal*, 432 F. Supp. 3d at 275 (denying the parties' motion for settlement approval of FLSA collective action claims under *Cheeks* "[b]ecause the parties misapprehend how a collective action under FLSA operates—mistaking it for a class action"); *see also Douglas*, 371 F. Supp. 3d at 87 (denying preliminary settlement approval because the agreement would "release[] a claimant's FLSA claims without consent"). This means, among other things, that the Settlement Agreement must provide potential FLSA collective members an opportunity to opt into the litigation, rather than binding them to the Settlement Agreement if they fail to opt out. For this reason, among others detailed above, I must also deny without prejudice Plaintiffs' request for conditional certification of the proposed class, appointment of class counsel and the claims administrator, approval of the proposed class notice, and approval of the proposed schedule for final settlement approval and a fairness hearing. *See Sandoval v. Philippe N. Am. Rests., LLC*, 16-CV-0615 (VSB), 2017 WL 3841871, at *3 (S.D.N.Y. Aug. 31, 2017). If the parties intend to file a revised agreement and motion, the motion should also address the legal standard for certification of a FLSA collective action and the other deficiencies identified in this Opinion & Order. Counsel should also review any revised agreement to ensure that it is in compliance with the applicable law in this Circuit.

### IV. **Conclusion**

For the foregoing reasons, Plaintiffs' motion for preliminary approval is DENIED without prejudice. The parties may proceed by either:

1) Filing a revised settlement agreement within thirty (30) days of the date of this Order that cures the deficiencies in the provisions as discussed above; or

2) Filing a joint letter within thirty (30) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

If the parties elect to file a revised settlement agreement, I direct them, again, (*see* Doc. 57), to explain why they believe the settlement is "fair and reasonable" under the FLSA with reference to the following five (5) factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335.

The Clerk of Court is respectfully directed to terminate the open motion at Doc. 58.

SO ORDERED.

Dated: September 5, 2023
       New York, New York

_____
Vernon S. Broderick
United States District Judge