**Moira C. Brennan, Esq.**
47 Perry St.
New York, New York 10014
Tel. 646-872-6918
mbrennan@brennanlawgroup.org
Moira C. Brennan, Esq.

*Attorney for Defendants Khalil Saliba, Raymond Azzi,
A&D Wine Corp., and Plant Based Pizza NY LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSA OLIBARES and ADAM RUSSELL ) | |
| ) | |
| Plaintiffs, ) | Index No. 21 CV 10694 (VSB) |
| ) | |
| -against- ) | **AFFIRMATION OF MOIRA BRENNAN** |
| ) | |
| MK CUISINE GLOBAL LLC, et al. ) | |
| ) | |
| Defendants. ) | |

Moira C. Brennan, Esq. declares, under the penalty of perjury as follows:

1.   I am the attorney of record in this action for Defendant Plant Based Pizza New York, LLC and Defendant A&D Wine Corp. (Bar Verde), and individual Defendants Khalil Saliba and Raymond Azzi.

2.   I make this affirmation on behalf of corporate defendants Plant Based Pizza New York LLC (Double Zero) (hereinafter "PBPNY)  and A&D Wine Corp. (Bar Verde) (hereinafter A&D) and individual defendants Khalil Saliba and Raymond Azzi to oppose Plaintiffs' motion by Order to Show Cause and explain why this Court should not strike the Answer by these defendants.

1

3. The outgoing attorney, Robert Ontell issued a waiver of service for individual Defendant Raymond Azzi as well as corporate defendants PBPNY and A&D. See Waiver of Service Returned Executed (February 22, 2022)(ECF Dkt. No. 45) and then filed a Notice of Appearance stating he represented PBPNY, A&D Corp., and Azzi in this case on April 5, 2022. Ontell Notice of Appearance (April 5, 2022)(ECF Dkt. No. 46).

4. Individual defendants Khalil Saliba and Raymond Azzi have never once communicated with Ontell regarding any proposed settlement agreements nor were they informed about the Mediation. Saliba and Azzi have submitted Affidavits informing the Court that Ontell did not have a power of attorney to accept a settlement on their behalf.

5. The outgoing attorney Ontell never served copies of his withdrawal letter or otherwise delivered a copy of the Court's order (October 22, 2023) related to his withdrawal to individual defendants Saliba and Azzi, or corporate defendants PBPNY and A&D.

6. The Court can examine the Ontell withdrawal letter and see that he does not indicate that it was served on Azzi or Saliba or even the corporate defendants PBPNY and A&D Corp. See Ontell Ltr. (October 5, 2023) ECF Dkt. No. 68).

7. Upon an examination of the Ontell withdrawal letter (ECF Dkt. No. 68), this Court will notice that Ontell only emailed a copy three e-mail addresses listed below:

   a. Accounts.payable@matthewkenneycuisine.com
   b. Matt.bronfield@matthewkenneycuisine.com
   c. matthewkenney@matthewkenneycuisine.com

8. The e-mail address that Ontell used for individual defendant Matthew Kenney is not the email address for Matthew Kenney. The actual email address for Matthew Kenney is mk@matthewkenneycuisine.com. See Ontell Ltr. (October 5, 2023) ECF Dkt. No. 68).

9. The email address for Matthew Bronfield was correct for the time when Bronfield was still working at MKC, however, I am informed he no longer works for the company though I do not know the specifics of his departure. See Ontell Ltr. (October 5, 2023) ECF Dkt. No. 68).

10. Importantly, Ontell inexplicably never complied with this Court's Order of October 23, 2023 which directed him to serve a copy of the Court's Order upon all the defendants, including individual defendants Saliba and Azzi, as well as corporate defendants PBPNY and A&D.

11. The individual defendants Saliba and Azzi first learned of this Court's orders when Plaintiffs' attorneys emailed a copy of the Order to Show Cause papers were delivered to Azzi by email dated January 20, 2024.

12. Individual defendants Saliba and Azzi, as well as corporate defendants PBPNY and A&D complied with this Court's by retaining Counsel and appearing in this action within days of receiving those papers which informed them about the Court's orders.

13. Upon examination of the Docket, the Court can see that Ontell never filed the mandatory corporate disclosure statements required by Fed. R. Civ. Pro. 7.1. The information that should be contained in those statements as it relates to Defendants PBPNY and A&D Corp. has now been filed.

14. As will be explained more fully below, individual Defendants Saliba and Azzi do not hold any membership interest in MK Cuisine Global LLC or any other entities listed in the Complaint other than PBPNY and A&D Corp.

*Corporate Defendant Plant Based Pizza NY LLC*

15. On or about November 11, 2015, MKC and Plaintiffs Azzi and Saliba entered into an operating agreement for Plant-Based Pizza NY LLC ("Plant-Based Pizza NY"), in which each of the three members, MKC, Azzi and Saliba, originally held a 33.33% membership interest. A copy of the PBPNY Agreement is annexed as **Exhibit A**.

16. As stated in Section 2.04 of the Plant-Based Pizza NY Operating Agreement, Plant-Based Pizza NY's primary purpose was to "develop, own, and operate a restaurant company that will create [an] organic, plant-based pizza concept," called 00+Co., sold at a restaurant called "Double Zero" located at 65 Second Avenue in the East Village area of lower Manhattan (the "Double Zero Second Avenue Restaurant").

17. A Subscription Agreement was executed on April 8, 2018 between defendant Matthew Kenney, Double Zero Holdings, LLC, and defendant MKC, and a new investor, Saca Plant-Based, LLC which would finance Double Zero Holdings, LLC expansion of restaurants selling vegan plant based pizzas owned by Double Zero Holdings, LLC and a line of Double Zero frozen vegan plant based pizzas.

18. Defendant MKC along with Saca Plant Based, LLC, Saliba, and Azzi, executed the Double Zero Holdings Operating Agreement on July 11, 2018 and became its only four members. A copy of the PBPNY Agreement is annexed as **Exhibit B**.

19. Double Zero Holdings, LLC was established to own and operate various plant-based vegan pizza restaurants and operate a vegan frozen pizza and take and bake pizza concept. The four members executed the operating agreement for that purpose.

20. Following Saca Plant Based, LLC's investment in Double Zero Holdings, LLC, members of Double Zero Holdings, LLC and Plant Based Pizza New York LLC now hold the following interests:

| | |
|---|---|
| Saca Plant Based, LLC: | 30% Membership Interest |
| MK Cuisine Global, LLC: | 25.33% Membership Interest |
| Khalil Saliba: | 22.33% Membership Interest |
| Raymond Azzi: | 22.33% Membership Interest |

21. Neither defendant MKC nor its employees had authority to accept a settlement on behalf of PBPNY without obtaining unanimous consent of the members holding interests in PBPNY.

22. The PBPNY Operating Agreement limits the authority of the manager to take certain action. See PBNY Operating Agreement, Ex. A *supra*, at paragraph 15. The PBPNY Operating Agreement specifies "Major Decisions" the manager is prohibited from making without the unanimous consent of the Members. (Ex. A, ¶ 5.1.5.1.) Major Decisions include the following: (1) "Commencing, settling or dismissing litigation by or against the Company that is not covered by insurance or confessing a judgment against the Company or its assets or any portion thereof." (Ex. A, ¶ 5.1.5.1(r).); (2) "Obligating the Company to, incurring debt, or otherwise making an expenditure not designated in the approved Annual Operating Budget, in the aggregate, greater than $25,000.00." (Ex. A, ¶ 5.1.5.1(e); (3) "Entering into, or amending, a contract between the Company and a Member or an Affiliate of a Member." (Ex.A, ¶ 5.1.5.1(g).).

23. Ontell should have communicated the terms of any settlement and obtained unanimous consent from all members before agreeing to a settlement on behalf of PBPNY.

24. The Affidavits submitted by the individual defendants Saliba and Azzi confirm that Ontell did not seek or obtain consent for the settlement from all persons holding membership interests in PBPNY, LLC.

25. Importantly, nothing in the operating agreement for PBPNY, LLC (as amended) or the Double Zero Holdings, LLC Operating Agreement shows any connection to the other corporate defendant PBPNY in this action (XYST, PLANT BASED HOLDINGS LLC, CJFM LLC (SESTINA), HUNGRY ANGELINA DUMBO, LLC, MKCPBAY LLC, PLANT BASED RESTAURANT EAST 4TH LLC) which operate entirely different restaurants and have different persons holding ownership interests in those restaurants.

26. In fact, Defendants PBPNY, Saca Plant Based, Azzi, and Saliba are in ongoing conflicts with Defendants MKC and Matthew Kenney due to these other entities using menu items that are supposed to be used exclusively at Double Zero restaurants which is currently pending before the Supreme Court of the State of New York in an action entitled <u>Saca Plant Based, LLC et al. v. Matthew Kenney et al</u>, Index No. 656284/2020.

*Corporate Defendant A&D Wine Corp. (Bar Verde)*

27. The entity that owns the Bar Verde restaurant at 65 Second Avenue is A&D Wine Corp. A&D Wine Corp. is a corporation organized under the laws of the State of New York which is owned solely by Saliba (50%) and Azzi (50%).

28. A&D Corp. entered into a Management Services Agreement (MSA) dated September 22, 2017 with MKC Management Group LLC, a limited liability company organized in Delaware. A copy of the MSA between A&D and MKC Management Group, LLC is annexed as **Exhibit C**.

29. The defendant A&D and the other entity MKC Management Group, LLC executed an Amendment to the MSA on September 22, 2017 to, among other things, modify multiple paragraphs of the MSA and replace the word "owner" with MKC Management Group, LLC and also changed the effective date of the MSA to January 1, 2018. A copy of the Amendment to the MSA dated September 22, 2017 is annexed as **Exhibit D**.

30. Under the MSA between defendant A&D and the other entity MKC Management Group, LLC, as amended, the entity MKC Management Group, LLC would the restaurant owned by A&D by establishing a new restaurant that would become known as Bar Verde.

31. Importantly, the MSA, as amended, made MKC Management Group, LLC the owner for purposes of paragraph 10 which deals with staffing and labor issues. Thus, MKC Management Group LLC was the entity responsible for hiring and firing, management, and staffing and labor related decision making while the MSA was in effect. See MSA Amendment, ¶ 10.1, Ex. D *supra*, at paragraph 29.

32. The MSA between defendant A&D and the entity MKC Management Group, LLC was terminated by defendant Matthew Kenney on September 10, 2020 which led to the action that was before the Supreme Court of the State of New York entitled Saliba et al. v. Matthew Kenney et al., Index No. 653588/2021.

33. Neither defendant MKC nor its employees had authority to accept a settlement on behalf of A&D without obtaining approval and consent of the persons holding shares in A&D, in this case individual defendants Saliba and Azzi.

34. The Affidavits submitted by the individual defendants confirm that Ontell did not seek or obtain consent from Saliba and Azzi with respect to settlement of the claims against A&D.

35. A&D has no connection to the other corporate defendants in this action (MK Cuisine Global, LLC, XYST, PLANT BASED HOLDINGS LLC, CJFM LLC (SESTINA), HUNGRY ANGELINA DUMBO, LLC, MKCPBAY LLC, PLANT BASED RESTAURANT EAST 4TH LLC) which operate entirely different restaurants and have different owners as shown in the Rule 7.1 Disclosures filed by these entities.

*Meritorious Defenses*

36. The individual defendants Saliba and Azzi, as well as the corporate defendants PBPNY and A&D have meritorious defenses to the claims pleaded in this action.

37. preliminary investigation of the payroll records and employment records of PBPNY for the period specified in the pleading (February 2019 to February 2020) show that PBPNY employed 21 persons in 2019 and 23 persons in 2020.

38. Plaintiff Adam Russell was employed by PBPNY from October 2019 to February 2020. A review of his paystubs show that defendant PBPNY has meritorious defenses to his claims and documentary evidence to support these defenses.

39. The pleading is vague with respect to the employment of the other Plaintiff, Rosa Olibares.

40. Indeed, most of the allegations in the pleading for which Olibares is seeking redress describe events that occurred while she was working at a restaurant called XYST.

41. A preliminary review of documentary evidence in the form of payroll records show that Olibares was not employed by defendant PBPNY (Double Zero) in 2019 or 2020 which was corroborated by an employee who worked with her at XYST in 2019.

42. The corporate defendant XYST has no connection to the individual defendants Saliba and Azzi, and or corporate defendants PBPNY or A&D other than being affiliated with celebrity chef, Defendant Matthew Kenney. Therefore, individual defendants Saliba and Azzi, as well as the corporate defendants PBPNY and A&D do not have joint liability with the corporate defendant XYST for the claims Olibares asserted against defendant XYST.

43. These defendants cannot join the proposed class settlement where, as here, the settlement concerns allegations by plaintiffs who did not work for PBPNY and A&D.

44. The individual defendants Saliba and Azzi, as well as corporate defendants PBPNY and A&D have shown a reasonable excuse for noncompliance with the prior orders of this Court (lack of notice) and also demonstrated meritorious defenses to the claims pleaded by the plaintiffs.

45. Based on the foregoing, the individual defendants Saliba and Azzi, as well as the corporate defendants PBPNY and A&D Wine Corp. request that this Court deny Plaintiffs' motion to strike the answer by individual defendants Saliba and Azzi as well as corporate defendants PBPNY and A&D.

Dated:    February 5, 2024
          New York, New York

_____
Moira C. Brennan, Esq.