# Lee Litigation Group, PLLC

148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:     (212) 661-1008
                     anne@leelitigation.com

March 28, 2024

**Via ECF**
The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

　　　　　Re:　　*Olibares et al. v. MK Cuisine Global LLC et al.*
　　　　　　　　Case No.: 1:21-cv-10694 (VSB)

Dear Judge Broderick:

　　　　We are counsel to Plaintiffs and the proposed class and write, pursuant to the Court's Order of February 22, 2024, Ordering the parties to file a joint status letter proposing next steps in the action.  As a preliminary matter, we understand the Court Ordered a joint submission and have contacted Defendants' counsel to submit same jointly, however, Defendants' counsel Ms. Brennan refused to have her portion contained under our letterhead. Prior to this filing we reached out again to Defendants' counsel for their respective portions to incorporate into our filing, but they have not provided same.

　　　　**Plaintiff's Portion**

　　　　Since the Order to Show Cause teleconference with the Court on March 14, 2024 Defendants' prior counsel, Robert Ontell, Esq., provided the undersigned with a copy of his Affidavit, filed with the Court *ex parte*, which states, in pertinent part, that Mr. Ontell formerly represented "MK Cuisine Global LLC; XYST, LLC; Plant Based Holdings LLC; Plant-Based Pizza New York LLC d/b/a Double Zero, d/b/a 00+CP; A&D Wine Corp, d/b/a Plant Food + Wine, d/b/a Bar Verde; CJFM LLC, d/b/a Sestina; Hungry Angelina Dumbo LLC, d/b/a Hungry Angelina; MKCPBAY LLC, d/b/a Sutra; Plant-Based Restaurant East 4th LLC, d/b/a Sentio; Matthew Kenney; Raymond Azzi; and Khalil Saliba".  In view of the foregoing confirmation, Plaintiff still intends to file a motion to enforce the class settlement.  Plaintiff proposes to file the motion by April 26, 2024.

　　　　Plaintiff's motion to enforce is appropriate as "a district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Guardian Life Ins. Co. of Am. V. Calkins*, 2014 WL 61475, at *2 (S.D.N.Y. Jan. 6, 2014) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). "Once

a party agrees to the settlement terms, either orally or in writing, that party's later change of heart will not frustrate the agreement's enforceability." *Conway v. Brooklyn Union Gas Co.*, 236 F. Supp. 2d 241, 251 (E.D.N.Y. 2002).

To reach a determination on a settlement agreement's enforceability, Courts consider the following factors, commonly known as the Winston factors:(1) Whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed in writing. *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 830 (2d Cir. 2019) (quoting *Winston v. Mediafare Entm't Corp*., 777 F.2d 78, 80 (2d Cir. 1985)). In the instant case, all four factors are satisfied, as will be detailed at length in the motion to enforce.

Notwithstanding the foregoing, as to the Court's inquiry regarding how to proceed in light of Defendant Khalil Saliba's failure to respond to the Complaint, and Belga Corp.'s lack of representation, Plaintiff responds as follows:

1.  Although the Answer filed by Defendants' prior counsel Robert Ontell fails to name Khalil Saliba in the Answer itself, the ECF filing was made on behalf of Mr. Saliba, as a defendant, and the Notice of Appearance filed by Mr. Ontell along with the Answer states that his appearance is on behalf of Defendants (including Mr. Saliba). Taken together with Mr. Ontell's sworn statement in his March 13, 2024 Affidavit that he represented Mr. Saliba, we believe that the absence of Mr. Saliba's name from the Answer is simply a typographical error, and that the Answer was filed on behalf of all Defendants. Moreover, as Mr. Saliba was one of the represented defendants at the time the settlement was reached, Plaintiff intends for his motion to enforce to be made against Mr. Saliba, rather than instituting default proceedings against him at this time.

2.  As to Belga Corp.'s lack of representation, same does not preclude Plaintiff from proceeding with his motion to enforce and thereafter seek approval of the class settlement. Failure by a corporate defendant to appear does not preclude approval of a settlement agreement. *Jun Cui v. O2 Korean BBQ*, No. 19-CV-2794, 2020 U.S. Dist. LEXIS 24657, 2020 WL 7034369, at *2 (E.D.N.Y. Feb. 11, 2020) ("The Court does not believe that the absence of an appearance by the corporate entity at any point, including at the *Cheeks* hearing, precludes approval of the Settlement Agreement.") *Duran v. El Malecon Rest. Bar Inc.*, No. 22-CV-116 (AMD) (PK), 2022 U.S. Dist. LEXIS 166867, at *2 (E.D.N.Y. Sep. 15, 2022)

    In a similar scenario, a default judgment against an unrepresented corporate defendant may be sought and entered in Federal Court, even if such corporation was previously represented by counsel, who thereafter was granted withdrawal. *Palaghita v. Alkor Capital Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 U.S. Dist. LEXIS 158205, at *16-17 (E.D.N.Y. Aug. 20, 2021)

Respectfully submitted,

*/s/ Anne Seelig*

cc: all parties via ECF