| **Lee Litigation Group, PLLC** | **Paul Rachmuth Law Office, PLLC** | **Moira C. Brennan, Esq.** |
|---|---|---|
| 148 West 24th Street, 8th Floor | 265 Sunrise Highway, Ste. 1515 | 47 Perry St. |
| New York, New York 10011 | Rockville Centre, New York 11570 | New York, New York 10014 |
| Tel: 212-661-1008 | Tel. 516-330-0170 | Tel. 646-872-6918 |
| anne@leelitigationgroup.com | Paul@paresq.com | mbrennan@brennanlawgroup.org |
| *Attorney for Plaintiffs Rosa Olibares and Adam Russell* | *Attorney for Individual Defendant Matthew Kenney and Corporate Defendants MK Cuisine Global LLC, XYST, LLC, Plant Based Holdings LLC, CJFM, LLC, Hungry Angelina Dumbo LLC, MKCBAY, LLC, Plant Based Restaurant 4th LLC* | *Attorney for Individual Defendants Khalil Saliba and Raymond Azzi, and Corporate Defendants A&D Wine Corp. (Bar Verde) and Plant Based Pizza NY, LLC (Double Zero)* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROSA OLIBARES and ADAM RUSSELL | ) | |
| | ) | |
| Plaintiffs, | ) | Index No. 21 CV 10694 (VSB) |
| | ) | |
| -against- | ) | **JOINT LETTER BRIEF ON HOW TO** |
| | ) | **PROCEED IN THIS ACTION** |
| MK CUISINE GLOBAL LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs ROSA OLIBARES and ADAM RUSSELL and individual defendants KHALIL SALIBA, RAYMOND AZZI, and MATTHEW KENNEY along with corporate defendants A&D WINE CORP. (Bar Verde), PLANT BASED PIZZA NY, LLC (Double Zero), MK CUISINE GLOBAL LLC (MKC), XYST, LLC (XYST), CJFM LLC (Sestina), HUNGRY ANGELINA DUMBO LLC (Hungry Angelina), , MKCBAY, LLC, and PLANT BASED RESTAURANT 4TH LLC submit this joint letter brief pursuant to the Order of this Court dated February 25, 2024 (ECF Document No. 96) to set forth the position of the parties on next steps in this action, individual defendant Khalil Saliba's failure to interpose an Answer, and corporate defendant Belga Corp.'s lack of representation. Counsel for the parties have conferred on these issues prior to submitting this letter.

1

**Plaintiffs ROSA OLIBARES and ADAM RUSSELL Position**

Plaintiff's attorneys wish to file their portion of the joint status letter separately.

**Individual defendants KHALIL SALIBA and RAYMOND AZZI and Corporate Defendants A&D WINE CORP. and PLANT BASED PIZZA NY, LLC Position**

The proposed settlement agreement dated July 14, 2022 (ECF Document No. 60-1, the "Proposed Settlement") should not be enforced against individual defendants KHALIL SALIBA and RAYMOND AZZI and corporate defendants A&D WINE CORP. and PLANT BASED PIZZA NY, LLC.

First, this Court already rejected the Proposed Settlement, in an Order and Opinion dated September 5, 2023, for the following reasons: noncompliance with FLSA collective action requirements, noncompliance with Rule 23 class action requirements, the allocation of $433,000 for attorney's fees, and the discrepancy between various parts of the agreement. See Order denying Pl. Mot. For Settlement Approval, Sept. 5, 2023 (Broderick, V. (U.S.D.J.), ECF No. 64).

Second, it is professional misconduct for an attorney representing multiple clients to approve an aggregate settlement of claims against multiple clients without Court approval unless the attorney obtains a signed writing from each client giving informed consent to the settlement. See N.Y. Prof. R. Conduct, R. 1.8(g). The lawyer's disclosure to the client must include the existence and nature of all claims involved and participation of each person in the settlement. Id. In the present case, there is no evidence that Ontell obtained the requisite informed written consent from the individual defendants Saliba and Azzi or the corporate defendants A&D Wine Corp. and Plant Based Pizza NY, LLC.

Third, there is no testimonial or documentary evidence showing assent by these individual defendants and corporate defendants required for enforcement of a contract. See Register Com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004). In the Second Circuit,

"[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999) "'To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound.'" Register Com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004); see also, e.g., Doe v. Kogut, 15 Civ. 7726, 2017 WL 1287144 at *4 (S.D.N.Y. Apr. 6, 2017) ("The lynchpin of any settlement agreement is the mutual assent of parties to the terms of the settlement.").

It is clear from the record that there is assent to the settlement agreement by the individual defendants Saliba and Azzi or corporate defendants A&D Wine Corp. and Plant-Based Pizza NY, LLC (PBPNY) required to form a contract. There is no signed writing granting informed consent to enter the settlement on behalf of individual defendants Saliba and Azzi or corporate defendants A&D Wine Corp. and PBPNY. Saliba and Azzi did not participate in the settlement conference and were not included in any settlement discussions. Their signatures do not appear anywhere on the settlement documents. There is no evidence of assent to the settlement agreement by individual defendants Saliba and Azzi.

Contrary to what is alleged in the motion to obtain approval of the Proposed Settlement, A&D Wine Corp. (Bar Verde) does not jointly own eight restaurants with the co-defendants. A&D Wine Corp. has no connection to the other corporate defendants in this action which operate entirely different restaurants and have different owners.  A&D Wine Corp. has one restaurant known as Bar Verde which is located at 65 Second Avenue in Manhattan. The shares in A&D Wine Corp. are owned by individual defendants Azzi and Saliba as reflected in the Rule 7.1 Corporate Disclosures. See Rule 7.1 Disclosure, ECF Document No. 82.

Saliba and Azzi are the only two persons that have legal authority to assent to a settlement agreement for A&D Wine Corp. and neither Saliba or Azzi was informed about the settlement agreement. There is no evidence showing A&D Wine Corp. assented to the settlement agreement. Finally, A&D Wine Corp. did not employ either plaintiff named in this action and the Notice of Proposed Class Action is not directed to employees of A&D Wine Corp. (Bar Verde). See "Notice of Proposed Class Action Settlement," ECF Document No. 60-2.

Contrary to what is alleged in the motion to obtain approval of the Proposed Settlement, PBPNY does not jointly own eight restaurants with the co-defendants. PBPNY has one restaurant known as Double Zero which is located in the building at 65 Second Avenue in Manhattan. The shares in PBPNY are owned by individual defendants Raymond Azzi, Khalil Saliba and two corporate entities Saca Plant Based, LLC and MK Cuisine Global LLC as reflected in the Rule 7.1 Corporate Disclosures. See Rule 7.1 Disclosure, ECF Document No. 83. PBPNY has no connection to the other corporate defendants in this action which operate entirely different restaurants and have different owners.

There is no evidence establishing that PBPNY assented to the settlement agreement. The PBPNY Operating Agreement limits the authority of the manager to take certain action including settlement of litigation (PBPNY Operating Agreement, ¶ 5.1.5.1(r)) or otherwise incurring debt that exceeds $25,000.00. (PBPNY Operating Agreement ¶ 5.1.5.1(e); (3). In the present case, at least two of the persons holding membership interests in PBPNY, Saliba and Azzi, were not informed about the settlement agreement and could not be said to have assented to a settlement agreement that included PBPNY.

4

The Proposed Settlement should not be enforced against either individual defendants Saliba and Azzi or corporate defendants A&D Wine Corp. (Bar Verde) and PBPNY (Double Zero) because there is no evidence establishing assent by the individuals or the entities. Ontell's acceptance of the aggregate settlement against multiple parties without obtaining informed written consent from the individual defendants Saliba and Azzi, or corporate defendants A&D Wine Corp. (Bar Verde) and PBPNY (Double Zero) constitutes professional misconduct.

The case should proceed with an individual case management plan so discovery can be conducted.

**Defendant Saliba's Position on Plaintiff's Failure to Prosecute the Action against Saliba**

It is impossible to know why Ontell failed to interpose an Answer on behalf of Saliba. Nonetheless, the Plaintiff's attorneys did neglect to prosecute the default against Saliba. The settlement agreement does not list out the parties entering that Agreement. It is impossible to discern what happened without a full evidentiary hearing. If the case against Saliba is not dismissed, then he should be permitted to file an Answer and discovery should be conducted.

**Unrepresented Corporate Defendant Belga Corp.**

At the time relevant to this action, Belga Corp. was a partial owner of XYST Corp., the restaurant that employed plaintiff Rosa Olibares. The plaintiffs in this action released the individual defendants that owned Belga Corp. and now aim to hold individual defendants Saliba and Azzi as well as corporate defendants A&D Wine Corp. (Bar Verde) and Plant Based Pizza NY, LLC (Double Zero) liable to the plaintiff Rosa Olibares and others employed by XYST Corp. despite that these defendants have no ownership interest in either XYST Corp. or Belga Corp.

Belga Corp. is a necessary party because it is the entity that actually owned the restaurant XYST which was held by XYST Corp.  It was XYST Corp. (owned partially by Belga Corp.) that employed plaintiff Olibares. Plaintiff's attorneys are acting in bad faith by attempting to shift liability to from Belga Corp. to persons and entities with no connection to this entity or XYST restaurant.

**Individual Defendant MATTHEW KENNEY and Corporate Defendants MK CUISINE GLOBAL LLC, XYST, LLC, PLANT BASED HOLDINGS LLC, CJFM, LLC, HUNGRY ANGELINA DUMBO LLC, MKCBAY, LLC and PLANT BASED RESTAURANT 4TH LLC Position**

A. Plaintiffs' Request to Reinstate the Proposed Settlement

Matthew Kenney, MK Cuisine Global LLC, XYST, LLC, Plant Based Holdings LLC, CJFM, LLC, Hungry Angelina Dumbo LLC, MKCBAY, LLC, and Plant Based Restaurant 4th LLC (collectively, the "Kenney Defendants") do not believe the Proposed Settlement should be reinstated by this Court for several reasons.  First, the Kenney Defendants adopt the statements set forth by A&D Wine Corp. above with respect to why the Proposed Settlement may not be reinstated and enforced against the Defendants in this case.

Second, if any of the Defendant parties are to be released from the Proposed Settlement, then all Defendant parties must be released from it.  This is because even if some of the Defendant parties had agreed to the original terms of the Proposed Settlement (which the Kenney Defendants assert is not the case), the release of other Defendants from the Proposed Settlement would place a higher burden on the remaining Defendants.

Third, there is no settlement that may be enforced at this time.  On September 5, 2023, this Court denied the Proposed Settlement.  And while this Court did give the parties an opportunity to submit a revised settlement, no revised settlement was ever agreed upon by the parties or submitted to the Court.  (The Court also provided the parties the opportunity to *jointly*

abandon the settlement.  That option also is not possible, as the parties do not agree on the issue; the Plaintiffs still wish to enforce the rejected Proposed Settlement while all of the answering Defendants wish to abandon it.)  The Plaintiffs have not submitted a revised settlement and the Defendants certainly have not agreed to any revised settlement.

   B.  <u>How to Proceed with Respect to Khalil Saliba and Belga Corp.</u>

The Kenney Defendants do not take a position regarding how to proceed with respect to Khalil Saliba or Belga Corp.

   C.  <u>Proposed Next Steps</u>

As the Court has denied the Proposed Settlement and no revised settlement has been agreed to by the parties, the Kenney Defendants propose that the case be placed back on a litigation track and the parties establish a case management schedule.

If the Plaintiffs believe they have grounds to enforce the Purpored Settlement, they state those grounds in the form of a motion.  Such a motion would inform the Defendants of the Plaintiff's arguments and allow the Defendants an opportunity to present facts and law to defeat such motion.

[Signature Page Follows]

Dated:     March 28, 2024
              New York, New York

                                        /s/ Moira C. Brennan, Esq.
                                              Moira C. Brennan, Esq.
*Attorney for Khalil Saliba, Raymond Azzi, A&D Wine Corp., and Plant Based Pizza NY, LLC*


                                        /s/ Paul Rachmuth, Esq.
PAUL RACHMUTH LAW OFFICE, PLLC
    By: Paul Rachmuth, Esq.
*Attorney for Matthew Kenney, MK Cuisine Global LLC, XYST, LLC, Plant Based Holdings LLC, CJFM, LLC, Hungry Angelina Dumbo LLC, MKCBAY, LLC, Plant Based Restaurant 4th LLC,*