# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:  (212) 661-1008
anne@leelitigation.com

July 8, 2024

**Via ECF**
The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

      Re:   *Olibares et al. v. MK Cuisine Global LLC et al.*
            Case No.: 1:21-cv-10694 (VSB)

Dear Judge Broderick:

      We are counsel to Plaintiffs and the proposed class and submit this status letter, jointly with counsel to both groups of Defendants, to provide each party's position regarding how to proceed in this litigation, as Ordered by the Court:

**Plaintiffs' Position**

      As we informed Defendants during the parties meet-and-confer, Plaintiffs intend to file a motion seeking certification for interlocutory appeal of the Court's June 18, 2024 Order denying with prejudice Plaintiffs' May 20, 2024 Motion to Enforce Settlement, pursuant to 28 U.S.C. § 1292(b).

      As will be set forth in detail in Plaintiffs' motion, the Court's June 18, 2024 Order satisfies all preconditions for interlocutory appeal, namely, the "order involves [1] a controlling question of law as to which [2] there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation…") *Murray v. Metro. Life Ins. Co*., 585 F.3d 173, 176 (2d Cir. 2009).

      In addition to seeking certification of the Court's June 18, 2024 Order for interlocutory appeal, Plaintiff intends to request that, should the Court grant certification, this action be stayed during the pendency of the appeal to avoid wasting the parties' and the Court's resources on litigation that may ultimately prove unnecessary.

      Defendants argue that Plaintiffs' motion for certification of interlocutory appeal would be untimely under 28 U.S.C. § 1292(b). But this argument rests on a misunderstanding. "Section 1292(b) indicates that a motion for leave to appeal must be filed with the court of appeals within

ten days after the district court issues an order approving the interlocutory appeal. However, there is no specified time after the entry of the order to be appealed within which a party must seek *the district court's* permission to appeal." *Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*, No. 01-CV-6217 (CJS), 2003 U.S. Dist. LEXIS 18531, at *5 (W.D.N.Y. Sep. 4, 2003) (citations omitted, emphasis in original). While "any delay in seeking the district court's permission must be reasonable," *id*. at 6, it has only been three weeks since the entry of the June 18, 2024, Order. Plaintiffs seek to appeal this Order, not the September 5, 2023 Order.

**Defendants' Position**

KENNEY DEFENDANTS, by their counsel:

The Kenney Defendants will oppose Plaintiff's motion to allow an interlocutory appeal on grounds that include such an appeal would be untimely under 28 U.S.C. §1292(b). The Kenney Defendants also will be moving to dismiss certain of the causes of action pursuant to FRCP 12(c). The Kenney Defendants do not, however, oppose a stay of discovery pending the parties' various motions.

The Kenney Defendants request four weeks to file their motions and memoranda starting from the date the Court rules on the Plaintiffs' requests.

CORPORATE DEFENDANTS, A&D WINE CORP. and PLANT BASED PIZZA NY, LLC, and INDIVIDUAL DEFENDANTS KHALIL SALIBA AND RAYMOND AZZI, by their attorney, Moira C. Brennan:

In terms of next steps, Plaintiffs' motion for an interlocutory appeal should be denied and the parties should set up a case management plan so discovery can be conducted.

The plaintiffs' application to file an interlocutory appeal is untimely since the Opinion and Order rejecting the settlement was entered on September 5, 2023. See SDNY ECF Dkt No. 64 (Opinion and Order Rejecting the Preliminary Approval for Class Settlement (Broderick, U.S.D.J.).

The plaintiffs' attorneys failed to identify the question of law that will be appealed during the meet and confer and again failed to specify the question of law to be appealed in this joint letter.

This Court should note that the Court's prior Opinion and Order rejecting the proposed class settlement determined, among other things, that the class settlement did not conform to either the Rule 23 class action threshold requirements or the collective action requirements under the New York Labor Law. The plaintiffs' attorneys have failed to explain how the settlement with these substantive legal defects can be rewritten by a Court.

More importantly, the Rule 7.1 Disclosures show that these corporate defendants do not operate as a single enterprise (SDNY ECF Dkt. Nos. 82 and 83). The plaintiffs' attorneys fail to explain how the Court can approve a settlement on the premise that all the defendants, including individual defendants, operate as a single enterprise despite now having information to the contrary.

The corporate defendants A&D Wine Corp. and Plant Based Pizza NY LLC and individual defendants Khalil Saliba and Raymond Azzi take the position that plaintiffs cannot

meet the Rule 23 threshold requirements necessary to obtain class certification. Therefore, the class allegations should be dismissed, and discovery should be conducted.

In addition, corporate defendant A&D Wine Corp. requested at the plaintiffs set forth a briefing schedule for a Rule 12 motion to dismiss defendant A&D Wine Corp. from this action since defendant A&D Wine Corp. did not employ either plaintiff.

Plaintiff Adam Russell was briefly employed with Plant Based Pizza NY LLC. Corporate defendant PPBNY's position is that the discovery will reveal evidence demonstrating that plaintiff Russell's claims against corporate defendant Plant Based Pizza NY LLC are without merit.

Respectfully submitted,

*/s/ Anne Seelig*

*/s/ Paul Rachmuth*

*/s/ Moira C. Brennan*

cc: all parties via ECF

3